NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1360
_____

JAMES H. JACKSON,

Appellant

v.

LOUISVILLE LADDER INC.;
W. W. GRAINGER, INC.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 11-cv-01527)
District Judge:  Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
September 9, 2014

Before:  FISHER, JORDAN, and HARDIMAN *Circuit Judges*.

(Filed: September 16, 2014)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

James Jackson appeals the denial of his motion for a new trial by the United States

District Court for the Middle District of Pennsylvania.  We will affirm.

## I.    Background

Jackson injured himself when he fell off a step ladder while investigating a ceiling leak at Messiah College, his employer.  Louisville Ladder manufactured the ladder. Messiah College purchased the ladder from W.W. Grainger, Inc. (collectively, with Louisville Ladder, "Appellees").  Asserting diversity jurisdiction, Jackson filed a products-liability action in federal court against Appellees.  Jackson's Amended Complaint alleged two causes of action under Pennsylvania law: negligence against Louisville Ladder and strict liability against both companies.  A primary contention between the parties as the case proceeded was whether the Restatement (Second) of Torts, which provides for liability regardless of fault, or the Restatement (Third) of Torts, which includes a risk-utility analysis, applied to the strict-liability claims.  Although the Pennsylvania Supreme Court has not addressed the issue, the District Court determined that, pursuant to our precedent, it would "apply … the Restatement (Third) of Torts to Plaintiff's strict liability claims."  (App. at 11.)

Before trial, Appellees filed a motion in limine to preclude evidence of other step-ladder accidents because Jackson "ha[d] not established that any of those incidents or injuries were substantially similar" to his.  (App. at 18.)   The District Court granted the motion.  Following a six-day trial, the jury returned a verdict for Appellees.  Jackson filed a motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure, which the District Court denied. Jackson timely appealed that order.

2

## II.    Discussion[1]

Jackson raises two issues on appeal.  First, he argues that the District Court erred in adopting the Restatement (Third) over the Restatement (Second) as applied to strict liability.  Second, he contends that the Court committed error by granting Appellees' motion in limine precluding evidence of other accidents and injuries involving ladders because those accidents were substantially similar to the one he suffered.  Alternatively, he argues that those past accidents, aggregated in the form of statistical and "epidemiological studies," are not subject to the "substantially similar" requirement. (Appellant's Br. at 12.)  None of his arguments are persuasive.

Regarding which Restatement applies to strict liability, it is unclear exactly how Jackson thinks that issue should affect the instant appeal; he argues that "[t]his case will be controlled by the [Pennsylvania] Supreme Court's [d]ecision in *Tincher v. Omega Flex, Inc.*" (Appellant's Br. at 7.)  The Pennsylvania Supreme Court has granted a Petition for Allowance of Appeal in *Tincher* to decide the following issue:  "Whether this Court should replace the strict liability analysis of Section 402A of the Second Restatement with the analysis of the Third Restatement."  64 A.3d 626, 626 (Pa. 2013)

---

[1] The District Court had diversity jurisdiction under 28 U.S.C. § 1332.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review whether a district court's denial of a motion for new trial under Rule 59 of the Federal Rules of Civil Procedure constitutes an abuse of discretion. *Klein v. Hollings*, 992 F.2d 1285, 1289 (3d Cir. 1993).  "Our degree of scrutiny, however, differs depending on the [proposed] reasons for granting the new trial." *Id.*  As to a decision based "purely on a question of law … we exercise plenary review.  Conversely, the district court's latitude on a new trial motion is broad [regarding] a ruling on a matter that initially rested within the discretion of the court, *e.g.* evidentiary rulings … ." *Id.* at 1289-90 (citations omitted).

(per curiam). That Court has also directed the parties in that case "to brief the question of whether, if the Court were to adopt the Third Restatement, that holding should be applied prospectively or retroactively." *Id.* at 626-27. Jackson does not ask us to stay his appeal pending *Tincher*'s resolution; instead, he only seems to hope that *Tincher* comes out in his favor prior to the case's disposition.

In any event, we are bound, as the District Court was, by our previous determination in *Berrier v. Simplicity Manufacturing, Inc.*, 563 F.3d 38 (3d Cir. 2009), that the Pennsylvania Supreme Court would apply the Restatement (Third) of Torts. *See id.* at 40 ("We predict that if the Pennsylvania Supreme Court were confronted with [a strict-liability] issue, it would adopt the Restatement (Third) of Torts … ."). That decision applies in this diversity action. "In the absence of a controlling decision by the Pennsylvania Supreme Court, a federal court applying that state's substantive law must predict how Pennsylvania's highest court would decide this case." *Berrier*, 563 F.3d at 45-46. Jackson does not dispute that the District Court properly concluded that *Berrier* controls. Accordingly, his argument fails.

Regarding Jackson's evidence-related claims, they are foreclosed by our decision in *Barker v. Deere & Co.*, 60 F.3d 158 (3d Cir. 1995), as the District Court correctly concluded. *Barker* established that, in products-liability cases, evidence of prior accidents is not relevant, and is therefore inadmissible, unless the accidents occurred under "substantially similar" circumstances. *Id.* at 162. In *Barker*, we noted that the "foundational requirement of establishing substantial similarity is especially important in cases where the evidence is proffered to show the existence of a design defect." *Id.* In

4

other words, evidence of other accidents is not relevant under Rule 401 of the Federal Rules of Evidence unless those accidents are shown to be substantially similar to the one at issue. *Id.* at 162-63. Jackson did not introduce evidence that the additional accidents occurred on the same ladder model as his or under similar circumstances. In fact, his experts testified that the articles they relied on referred to all types of ladders. Thus, the District Court did not err in precluding that evidence.

Jackson also argues that the evidence of other accidents is actually "epidemiological" data and that the requirement for substantial similarity is "not applicable to epidemiological evidence." (Appellant's Br. at 15.) That argument is without merit. Like the District Court, we are "not persuaded … that evidence of ladder accidents is epidemiological in nature." (App. at 8.) This case does not relate to epidemiology, *i.e.*, the study of the incidence of disease in large populations, and the supporting cases cited by Jackson, dealing with epidemiological studies, are simply inapplicable.[2]

---

[2] Alternatively, Jackson argues that the Restatement (Third) of Torts changes the other-evidence standard because it introduced a risk-utility balancing into strict products liability. This argument confuses a substantive standard with the admissibility standard set forth in the Federal Rules of Evidence. Our holding in *Barker*, relating to the admissibility of evidence under Rule 401 of the Federal Rules of Evidence, is not affected by a change in substantive products-liability law.

Jackson also sets forth additional arguments straining to justify his position that the District Court should have admitted the data regarding past ladder accidents. Those arguments are without merit and warrant no further discussion. As set forth above, the District Court's evidentiary determination under Rule 401 was proper.

**III.    Conclusion**

We will accordingly affirm the District Court's denial of Jackson's motion for a new trial.